UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────

STEVEN BAEZ,

                Plaintiff,

    v.                                                9:16-CV-0661
                                                          (TJM/DJS)

PRAVIN RANJAN, et al.,

                Defendants.
───────────────────────────────

APPEARANCES:

STEVEN BAEZ
14-A-1984
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Pro se plaintiff Steven Baez commenced this civil rights action in the United States District Court for the Western District of New York ("Western District") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Attica Correctional Facility ("Attica C.F."), Rikers Island Correctional Facility ("Rikers Island"), and Auburn Correctional Facility ("Auburn C.F."). *See* Compl., *generally*. In August 2015, after a review of plaintiff's amended complaint, the Court transferred this matter to the Northern District of New York

("Northern District"). Dkt. No. 6. In June 2016, this Court reviewed plaintiff's amended complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. See Dkt. No. 7. By Decision and Order filed on June 27, 2016 (Dkt. No. 7) ("June Order"), this Court severed plaintiff's claims that arose while he was incarcerated at Rikers Island and transferred those claims to the Southern District pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. §1404(a). Dkt. No. 7 at 8-9. The Court retained jurisdiction over plaintiff's claims that arose while he was incarcerated at Auburn C.F. and dismissed the allegations for failure to state a claim. See id. at 11. In light of his pro se status, plaintiff was afforded an opportunity to submit a second amended complaint. See Dkt. No. 7 at 11-12. Presently before the Court is plaintiff's second amended complaint. Dkt. No. 8 ("Sec. Am. Compl.").

## II. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the June Order and it will not be restated in this Decision and Order. See Dkt. No. 7 at 3-5. The Court will construe the allegations in plaintiff's second amended complaint with the utmost leniency. See, e.g., Haines v. Kerner, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III. SUMMARY OF SECOND AMENDED COMPLAINT[1]

On October 1, 2014, an MRI of plaintiff's right knee was performed at Multi-Diagnostic

---

[1] Plaintiff annexed exhibits to the second amended complaint. Dkt. No. 8-1. To the extent that the exhibits attached to the second amended complaint are relevant to the incidents that relate to Auburn C.F., the Court will consider the second amended complaint as well as any documents attached as exhibits. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

Services, Inc. in Jamaica, New York. Dkt. No. 8-1 at 2. Dr. Clifford Barker ("Barker") reviewed the films and forwarded a report addressed to "Auburn Correctional Facility DIN# 14A1984." *Id.* at 2. Plaintiff was diagnosed with a medial meniscus tear. *Id.*

In November or December 2014, plaintiff was treated at sick call at Auburn C.F. for complaints of pain in his right knee. Sec. Am. Compl. at 3. In December 2014, plaintiff was examined by defendant Dr. P. Kooi ("Kooi"). *Id*. Plaintiff claims that Kooi refused to read the MRI report, denied that the report existed, and informed plaintiff that "there was nothing wrong with his right knee." *Id.* Kooi refused to prescribe medication or provide any further treatment. *Id.* Plaintiff claims that Kooi was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Sec. Am. Compl. at 4.

## IV.   ANALYSIS

### A.   Eleventh Amendment

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states'

immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Actions for damages against a state official in his or her official capacity are essentially actions against the state. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Here, plaintiff's request for an award of money damages pursuant to Section 1983 against the state defendant in his official capacity (*see* Sec. Am. Compl. at 2) is barred and dismissed. *See LeGrand v. Evan*, 702 F.2d 415, 417 (2d Cir. 1983); *see Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014).

**B.     Eighth Amendment**

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference has two necessary components, one objective and the other subjective. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

The objective component of an Eighth Amendment deliberate indifference claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a

4

condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway*, 99 F.3d at 553) (internal quotation marks omitted). The standard to assess the seriousness of a prisoner's medical condition includes consideration of "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003) (citation and internal quotation marks omitted).

The subjective analysis of the Eighth Amendment test rests on whether any defendant acted with a culpable state of mind. Under the subjective element, medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.' " *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at 553). "Deliberate indifference requires more than negligence but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). To assert a claim for deliberate indifference, an inmate must allege that: (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702. The inmate must also demonstrate that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U .S. at 835. Allegations suggesting negligence are insufficient to establish any constitutional violation. *See Hernandez v. Keane*, 341 F.3d 137

5

(2d Cir. 2003).

It should be noted that the Eighth Amendment does not afford prisoners a right to medical treatment of their choosing and prison medical personnel are vested with broad discretion to determine what method of care and treatment to provide to their patients. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 293; *Rosales v. Coughlin*, 10 F.Supp.2d 261, 264 (W.D.N.Y. 1998) (citation omitted). Accordingly, mere disagreement with prison officials about a course of treatment does not give rise to a constitutional right or sustain a claim under section 1983. *Chance*, 143 F.3d at 703 ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.") (citation omitted); *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864, 867 (2d Cir.1970) (citation omitted).

Initially, the Court notes that plaintiff has failed to plead sufficient facts to establish the objective element of an Eighth Amendment claim. *See Johnson v. Wright*, 477 F.Supp.2d 572, 576 (W.D.N.Y. 2007) *aff'd* 324 F. App'x 144 (2d Cir. 2009) (holding that a torn meniscus is not sufficiently serious to give rise to a constitutional claim) (collecting cases). Even assuming that plaintiff's injuries were sufficient to satisfy the objective element, the second amended complaint lacks facts suggesting that Kooi was deliberately indifferent to plaintiff's medical needs. Plaintiff admits that he received medical treatment while he was confined at Auburn C.F. The refusal to prescribe medication or provide additional examinations does not, without more, rise to deliberate indifference. *See Robinson v. Valdamudi*, No. 9:10-CV-1442 (GTS/RFT), 2014 WL 1239262, at *8 (N.D.N.Y. March 24, 2014) (collecting cases). Even assuming plaintiff's allegations to be true, plaintiff's dispute is nothing more than a

quarrel with the nature of his treatment as, "[i]nmates do not have a right to choose a specific type of treatment." *Veloz v. New York*, 339 F.Supp.2d 505, 525 (S.D.N.Y. 2004). Moreover, the allegation that Kooi refused or failed to review MRI films constitutes negligence, at best, and is insufficient to demonstrate deliberate indifference. *See Williams v. Huffman*, No. 2:11-CV-0638, 2012 WL 603141, at *9 (E.D. Cal. Feb. 22, 2012); *see Hernandez v. Keane*, 341 F.3d 137 (2d Cir. 2003) (holding that allegations that suggest negligence or medical malpractice are insufficient to establish any constitutional violation).

Based upon the aforementioned, plaintiff's Eighth Amendment deliberate indifference claims against Kooi are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

Dated: September 19, 2016

Thomas J. McAvoy
Senior, U.S. District Judge